CALHOUN *v.* McNAIR.

(Division B.   Feb. 24, 1936.)

[166 So. 330.   No. 32112.]

**E. L. Dent, W. W. Dent,** and **R. L. Calhoun,** all of Collins, for appellant.

A. W. McRaney, of Magee, and H. M. McIntosh, of Collins, for appellee.

Argued orally by **R. L. Calhoun,** for appellant.

**Ethridge, P. J.,** delivered the opinion of the court.

P. F. McNair brought suit against C. C. Calhoun and another in the circuit court of Covington county upon a promissory note for two hundred dollars dated May 25, 1929, due November 25, 1929, and bearing eight per cent. interest from date until the filing of this suit on April 25, 1934.

The defendants filed a plea of the general issue, and thereafter made a motion to withdraw same and file a special plea, which motion was allowed. The defendants thereupon filed a plea of recoupment seeking to diminish or discharge the note because of certain insulting language used by McNair to the defendants uttered in the presence of two or more persons, in a rude, angry and threatening manner, and the exhibition of a knife and the threat to kill defendants because of their failure to pay the note. It will not be necessary to set out the language specifically, but it was such as to give rise to an action of slander or insult leading to a breach of the peace under our "Actionable Words" statute, section 11, Code of 1930.

There was a demurrer to the plea of recoupment which was sustained by the court below. This demurrer set forth that said plea of recoupment was not sufficient in law as a cross-demand because it was not a part of, or damages for a breach of the original contract, and that the same was for unliquidated damages and was not, therefore, maintainable as a set off to the plaintiff's cause of action. We think the court properly sustained this demurrer, not because the matter set up in the plea of recoupment did not state a cause of action, but because

the action there set up to be recouped did not spring out of the plaintiff's cause of action. It is true the insulting language was used because the defendants failed to pay the note on demand after same was due, and it may be said that the note was the occasion or thing about which the plaintiff used the violent and denunciatory language, but it did not spring out of the subject-matter, and was not rooted in the plaintiff's cause of action, but was an independent tort.

In 24 R. C. L., p. 851, sec. 55, it is said that "It is an indispensable requisite to the allowance of the remedy of recoupment that the damages to be recouped should grow out of the very transaction upon which the plaintiff's claim is founded. If they arise from the breach of an independent contract, or from an independent wrong, unconnected with the plaintiff's cause of action, there can be no recoupment. It is essential that the wrong of which the defendant complains should, in some way, impair the consideration of his contract." In section 56, page 852, of this same volume, it is said that, "But, under a statute which does not permit a counterclaim unless it exists in favor of the defendant against the plaintiff, it has been held that the maker of a note cannot set up against an indorsee after maturity, or with notice, a counterclaim for damages for a breach, by the payee, of the contract which formed the consideration of the note, though he may show failure of consideration as an equitable defense to the action."

In 57 C. J., p. 396, sec. 49, it is said: "In recoupment defendant's claim must arise out of the same contract or transaction as that on which the plaintiff's cause of action is founded, or to be connected with the subject of the action. Thus, if defendant's claim springs out of the contract or transaction on which the plaintiff seeks recovery, it may be recouped, but defendant cannot recoup for matters not connected with the subject matter

of plaintiff's claim, and which are founded upon an independent an distinct contract or transaction."

It is argued in the case at bar that as the insulting language was used in connection with the demand for payment of the note, it was a wrong growing out of the same transaction. We do not think this contention can be maintained. The language used did not affect, nor was it any part of the consideration of the original contract. The tort is not founded upon the note, but is disconnected from it, and was the result of an independent wrong, and is not a part of, or involved in, the note.

The authorities cited supra are sufficient to show the application of the principle. We think the demurrer was correctly sustained to the plea of recoupment, and the judgment of the court below will be affirmed.

Affirmed.