## LANCASTER *v.* JORDAN AUTO CO.

(Division B. March 27, 1939. Suggestion of Error Overruled April 24, 1939.)

[187 So. 535. No. 33629.]

Engle & Laub of Natchez and **Jos. M. Reeves**, of Vidalia, La., for appellant.

534

**Chaney & Culkin,** of Vicksburg, and **Joseph E. Brown,** of Natchez, for appellee.

Argued orally by **C. F. Engle**, for appellant, and by **Joseph E. Brown**, for appellee.

**Ethridge, P. J.**, delivered the opinion of the court.

The appellant, plaintiff in the court below, brought suit against the appellee for $500, for the conversion of an automobile which had been traded under an agreement

of exchange, and as part of the purchase price of a new car of a type desired by the plaintiff.

It appears from the declaration that the plaintiff made an agreement with the Jordan Auto Company, defendant in the court below, for the purchase of a new car on which he was to be allowed a credit of $500 for a Chevrolet coach owned by the plaintiff at the time. This original trade was made in December, 1936, but the new car was not available for immediate delivery, and the plaintiff continued to use his old car until between the 10th and 20th of January, 1937, when it was turned over to the Jordan Auto Company on the latter agreeing to furnish the plaintiff, Lancaster, a car to be used pending the arrival of the new car. Plaintiff and his family used the car so loaned until about the 19th day of February, 1937, when, while being driven by the plaintiff's wife, there was an accident, wrecking the car, killing a child, who was a guest, and injuring members of the family.

After this wreck the Auto Company demanded payment for the wrecked car from the plaintiff, which the latter refused. Thereafter, about the first of March, 1937, or early in the month, the Jordan Automobile Company sold the plaintiff's car, which it had agreed to take as a $500 payment on the new car, and refused to carry out the original contract unless the plaintiff would pay for the loaned car, which defendant claimed was a total wreck, and which defendant claimed was worth $500. The plaintiff refused to make the payment demanded, contending that he was not liable for the car so wrecked, and the defendant Auto Company refusing to carry out or consummate the original contract, he brought this suit for the conversion of his car.

The defendant pleaded the general issue, and gave notice thereunder that on the trial of the case it would offer and prove that the Chevrolet coach alleged by the plaintiff to have been converted by the defendant was, by mutual agreement between them, transferred and delivered to the defendant in consideration of the allow-

ance to the plaintiff of its value of $500 as a credit on the purchase price of a new car; and that the plaintiff, by said transfer completely parted with title to, and ownership of the said car formerly belonging to the plaintiff. The defendant averred that it would undertake to prove that it sold the automobile so transferred on or about the 9th day of March, 1937, that the plaintiff had no title in the same, and that the said sale by the defendant did not amount to a conversion, as alleged in the declaration. It further gave notice that even if the plaintiff retained a right or claim to the said automobile, nevertheless the plaintiff had no right at any time prior to the sale of the automobile by the defendant, to rescind the contract, and demand back the property, for the reason that by mutual agreement between plaintiff and defendant, for the convenience of the plaintiff the defendant had loaned him an automobile, which, while in the custody of the plaintiff, was damaged to an amount in excess of the credit of $500. And, further, that the damage to the car was occasioned through the carelessness and negligence of the plaintiff and those acting in his behalf, prior to the sale on March 9, 1937, of the automobile which plaintiff alleged to have been converted by the defendant; and this through no fault or negligence of the defendant, or through any circumstance over which it has any control. The defendant averred that its automobile, so loaned to the plaintiff, while in his possession was damaged in an amount in excess of the sum of $500, for which the plaintiff was to have received credit on purchase of a new car; and that the plaintiff at no time tendered back the car in the same condition as when it was loaned to him. Wherefore the defendant would undertake to prove that at the time of the alleged conversion of the automobile the plaintiff had no title or interest in the car.

The plaintiff gave counter-notice under the general issue, in reply to the notice of the defendant, alleging that the latter breached its contract to allow the plain-

tiff a credit of $500 on the Chevrolet coach received from him on a new car, refused to sell plaintiff a new car, and kept the coach, sold it, and put the money in its pocket, refusing to account to the plaintiff for any part of the money, or to allow a credit on a car, or to carry out its agreement with plaintiff in any respect. Plaintiff alleged that in its eagerness to sell him a car the defendant insisted on his delivering his Chevrolet coach to it, before it was ready to deliver the new car, and insisted upon placing with plaintiff, for his use, a second-hand car which it possessed, the only obligation in regard thereto on the part of the plaintiff was to use it with ordinary care; that the said car was defective, in that its brakes were not in proper condition, and it was run into by another car on the highway because of its defective condition, injuring plaintiff's wife and children, and causing him to be put to great expense for doctor's bill, and otherwise. That defendant's attitude in the matter is that it can retain the car which plaintiff turned over to it in a trade, sell it, and keep the money, refusing to carry out its contract.

On the trial of the case it developed that plaintiff was anxious to buy a new car, and turned in his old car for $500 as part payment on the new one. Owing to a strike and labor troubles at the factory the new car could not then be delivered, and the plaintiff temporarily continued to use his old car while awaiting delivery; but in January the defendant arranged with the plaintiff to take a second-hand car which it had on hand, to be used by him until the new car arrived, instead of his own car, which the defendant would put in good mechanical condition, in order to sell it upon the opportunity presenting itself. In other words, it desired to have the car on hand, to put it in condition to sell.

There was a dispute about the mechanical condition of the car loaned to the plaintiff pending arrival of the new car, and which was wrecked while being driven by plaintiff's wife. It appears that the plaintiff's wife, with

her children and a neighbor's child, was driving along the highway behind a truck, going in the same direction, when another car approached, going in the opposite direction. The plaintiff's wife applied the brakes to the car, to check its speed, and owing to mechanical defects in the brake on one side they did not hold, while on the other side they did, throwing the car from its course, and out into the highway on its left side, where it was struck by the approaching car.

There is a dispute as to the extent of the damage to the car occasioned by this collision; the defendant's proof being to the effect that it was a total wreck, and valueless; while that for the plaintiff tended to show that it could be repaired, and put in good condition for $180, the amount for which a mechanic, introduced as a witness, testified that he would do the work.

It was shown in the evidence that the plaintiff refused to pay for the car so damaged, and that the defendant then refused to carry out its contract, and sold the plaintiff's car for which it had agreed to allow $500 on the purchase price of a new car when it could be obtained from the factory.

We do not think the wrecked car properly figures in this lawsuit, because that would present the allowance as an off-set of an unliquidated demand against the suit for the conversion of the car; and separate suits would be required in the two controversies. If the defendant's theory was accepted, that it had absolutely bought the plaintiff's car for $500, the demand for the wrecked car could not be off-set against such demand, under the laws of Mississippi, because it would be allowing a set-off for unliquidated damages, which cannot be done under our laws. The value of the wrecked car could not be used as a recoupment, because the liability for the wrecking of the car, if any, was not a part of the contract for the purchase of the new car, and the allowance of credit thereon.

When the defendant refused to carry out its contract.

and deliver the new car, allowing the $500 on the payment therefor, it breached its contract, and the plaintiff had a right to elect whether to sue for damages for breach of the contract, or to demand a return of the property; or, if it had been converted, to take the value of his car. The defendant's contract to allow $500 on the purchase price of a new car was not a contract to pay $500 for the car in money. It was to allow the plaintiff a credit in the transaction—not to pay money.

Under the statute the form of the declaration is not material, the common law having been modified in that regard. Under section 521, Code 1930, it is provided that the declaration shall contain a statement of the facts constituting cause of action in ordinary and concise language, without repetition; and if it contains sufficient matter or substance for the court to proceed upon the merits of the cause, it shall be sufficient, and there would be no objection to maintaining the action if the form thereof had been different.

By section 567, Code 1930, amendments are allowed to any pleading or proceeding at any time before verdict, so as to bring the merits of the controversy between the parties fairly to trial; and under section 568 a variance between the allegation in a pleading and the proof shall not be deemed material, unless it shall have actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits, and where it shall not be shown to the satisfaction of the court that the party has been so misled, immediate amendment of the pleading may be made without costs, and without delaying the case; and if the party has actually been so misled, an amendment may be allowed on such terms as shall be just.

In the case at bar the declaration sets forth sufficiently the nature of the transaction to advise the defendant of its character. In the action for conversion the value of the property at the time of the conversion is the test, and not the value that was agreed upon by the parties

as a credit on the new car—nor is the price received by the defendant the test. These matters may be pertinent in proving the value; but the question for decision was the value of the car at the time it was converted by the defendant.

In order to have a set-off the demands must be fixed and determinable by contract. They must, in other words, be liquidated or certain. Sections 537 and 538, Code 1930, determine what may be set off in a suit; but the suit must arise by contract, and the amount should be certain. Neither can the defendant recoup, in this suit, for the value of its car which was damaged or destroyed, because to sustain a recoupment, while the amount may be unliquidated, it must spring from the same transaction, and not from a separate one. See Hayes v. Slidell Liquor Co., 99 Miss. 583, 55 So. 356; and Hoover Commercial Co. v. Humphrey, 107 Miss. 810, 66 So. 214.

The court below, at the conclusion of the evidence, granted a peremptory instruction for the defendant, which, under any view of the case, was improper on the record in this case. We do not deem it necessary to go into a discussion of the principles of liability, or law controlling liability, pertaining to the wrecked car; but the damages, if any, due the defendant by the plaintiff in that transaction, must be sought in a separate suit. This suit having been brought in Mississippi, where the defendant is domiciled, all matters of procedure are controlled by the laws of this state, and it is clear that the two suits cannot properly be tried as one in this state; and that the defendant cannot either set-off or recoup against the plaintiff's demand for the value of his car, or the defendant's demand for the damage to the wrecked car.

If the plaintiff is insolvent, there is an appropriate remedy either by stay of execution in the circuit court, or by injunction in the chancery court, to stay proceedings under a judgment obtained in the present suit, until

the suit for the injury or damage to the wrecked car can be determined. If the plaintiff is solvent, as claimed, of course he is responsible, should liability exist, and no legal injury would result to the defendant in this suit from the rendition of the judgment in the present suit.

The judgment of the court below is reversed, and the cause remanded.

Reversed and remanded.