MOORE *v.* ABDALLA.

(In Banc.   Oct. 23, 1944.)

[19 So. (2d) 502.   No. 35682.]

F. D. Hewitt, of McComb, for appellant.

Roach & Jones, of McComb, for appellee.

**Griffith, J.,** delivered the opinion of the court.

Appellee, hereafter called the plaintiff, instituted his action in tort against appellant's decedent, charging that by the negligence of the defendant's servant, the automobile of plaintiff was damaged in a collision; and the exact amount expended in repairs was stated in the declaration. Defendant took the position that the action was one in debt and filed a plea of nil debit and therewith a counterclaim for the money spent for the repair of defendant's automobile damaged in the same collision.

Plaintiff demurred to the pleas on the ground that the proper plea would be not guilty and that no counterclaim is allowed in an action in tort. The demurrer was sustained and a writ of inquiry ordered. When the case came on further to be heard, plaintiff insisted that the only issue was upon a writ of inquiry, while defendant apparently was demanding a trial on his plea and counterclaim. The court thereupon dictated into the record, as may be done under Sections 1639, Code 1942, his ruling which, when reduced to its real effect, was that the case should proceed to trial as if the plea interposed was one of the proper general issue, and the evidence was taken and the instructions to the jury for both sides were drawn in conformity to that course of trial. The verdict of the jury was for the plaintiff for the full amount sued or.

Although many progressive members of our bar think it ought to be otherwise, there is no provision in our law for a counterclaim in an action in tort, even when the counterclaim grows out of the same occurrence; and because a recoupment can be used defensively only, Amory Independent Tel. Co. v. Cox, 103 Miss. 541, 547, 60 So. 641; Hoover Commercial Co. v. Humphrey, 107 Miss. 810, 820,

66 So. 214, and is therefore of no more practical service in tort actions than the plea of the general issue, a recoupment has never been used in such actions in this state, so far as any of us can now recall. The court was, therefore, technically correct in sustaining the demurrers, but when later he ruled that the trial would proceed, and it did proceed, as if the defendant had plead properly, this was all that defendant was entitled to ask or expect.

Looking to the trial, we find only one reversible error in so far as assigned or argued. The court instructed the jury that if they found for the plaintiff their verdict might be for the full amount sued for, and yet another instruction was given authorizing the application of the comparative negligence statute.

The collision occurred at the intersection of Beach and Venable Streets in the City of McComb. Beach Street runs east and west and is a through or preferred street. Venable runs north and south and is a secondary street, with a stop sign requiring motor vehicles about to cross Beach to stop, or slow down to that which in the given situation is equivalent to a stop. Section 8213, Code 1942. Inasmuch as the jury allowed plaintiff the full recovery, it is evident that they fully accepted plaintiff's version, which was that defendant's motor vehicle drove into Beach Street going north at the highly excessive speed of approximately fifty miles an hour and without stopping or slowing to a stop at the intersection stop sign as required by the statute. On the other hand, it is admitted by plaintiff's driver, and is undisputed throughout the entire record, that plaintiff's driver going east approached and entered the intersection at the unabated speed of approximately thirty miles an hour, which, under Section 8176, Code 1942, was prima facie negligent, and nothing was shown in excuse thereof.

Both drivers were, therefore, guilty of negligence, and that of the defendant's driver was gross. If plaintiff's driver had been proceeding at a lawul rate of speed, the defendant's vehicle would have passed over the inter-

section ahead of plaintiff's car; and likewise if defendant's driver had not been travelling in violation of the law, plaintiff's car would have negotiated the intersection without injury. It follows, therefore, that the negligence of each of the drivers, each in full and uninterrupted force and active operation at the same time, combined and coincided as co-operating causes to produce the collision and the damage,—a result not so remote that either of the drivers would be permitted to say that it could not have been reasonably contemplated as something likely to happen.

It is undisputed, therefore, that the negligence of plaintiff's driver was a contributing factor in the injury, and while under Section 1454, Code 1942, this does not bar the plaintiff, the same section requires that the "damages shall be diminished by the jury in proportion to the amount of negligence attributable to the person injured, or the owner of the property, or the person having control over the property."

This statute, when invoked, does not leave it to the option of the court or jury to disregard or absolve the contributory negligence when shown, much less when admitted as here, but by the plain terms of the statute the duty of the jury in such cases is made mandatory; and it was error to grant the instruction requested by plaintiff which gave the jury the allowance to disregard the statute, which they did by finding for the full amount sued for, and this is the face of the fact that the defendant had invoked the statute, by the request of an instruction, which was granted, and which plainly told the jury that "You are to reduce the amount of the damages assessed, if any, in proportion to the negligence of each of the parties, if both were negligent at the intersection where the wreck occurred."

The judgment will be affirmed on the issue of liability but will be reversed as to the amount of the damages, and the cause will be remanded so that the damages may be diminished in accordance with the statute.

Affirmed in part, and in part reversed and remanded.

PARTIALLY DISSENTING OPINION.

**Smith, C. J.,** delivered a partially dissenting opinion.

The county court instructed the jury for the plaintiff "that if you return a verdict in favor of the plaintiff, the form of your verdict may be 'We the jury find for the plaintiff and assess his damages at $238.11.' " This was the full amount of damages claimed by the plaintiff and if his driving at an unlawful rate of speed contributed to his injury his damages of course should be diminished to the extent that his negligence contributed thereto. Whether his driving at an unlawful rate of speed did in fact contribute to his injury was for the jury's determination, consequently this instruction should not have been given. It can be interpreted to mean, and the jury most probably did so interpret it, that in the event the jury returned a verdict for the plaintiff they should award him the full amount sued for. I, therefore, concur in reversing the judgment. I do not concur in holding that the jury was without the right on the evidence to find that the plaintiff's negligence did not contribute to his injury, for on the evidence that question was for the determination of the jury and not of the trial judge.

**Roberds, J.,** concurs in this opinion.