VINES *v.* PERRY.

In Banc. April 10, 1950.

No. 37250 (45 So. (2d) 734)

870

**Clay B. Tucker**, for appellant.

**Maxwell Bramlette**, for appellee.

**Alexander, J.**

Suit was brought by Perry for the recovery of damages caused by the killing of one milch cow and the wounding of three others, upon land owned by Vines. The suit was for the recovery of $225 actual, and a similar amount as punitive, damages. The itemization of the damages included the loss of the cow killed in the sum of $125, and for damage to the other cows in the respective amounts of $25, $25, and $50. The verdict of the jury was itemized as follows: For the cow killed, $125; and for two of the remaining three cows the respective sums of $25 and $42. An allowance of $50 was indicated in the verdict as damage to the defendant on account of corn destroyed by said cattle. The judgment was thereupon entered for Perry of $142, from which this appeal is taken.

We will take up the assignments of error in order. The first assignment is directed toward the testimony of the witness, Tillery, who was told by Vines in a subsequent conversation, in substance, that if he did not get his cattle away from the defendant's place, he would shoot and kill them "like I did Dan Perry's". There can be no objection to such testimony as it is a plain admission, especially in view of the fact that the defendant does not deny that he shot the cattle belonging to Perry.

■■ The second assignment bears upon an in-struction given the plaintiff, which required that the defendant be proved, to the satisfaction of the jury, to have been damaged by having his corn destroyed by plaintiff's cattle. We do not set this instruction out in full for reasons hereinafter stated. The damage caused by the cattle was irrelevant upon the fact and extent of liability to the plaintiff caused by the defendant's own tort.

■■ It is next assigned for error that instructions were refused to the defendant on a before-and-after basis for computing damage to the surviving cattle and involv-ing the result of a failure to show their actual market value. Although two of these cattle were later sold, they were kept by the plaintiff as milch cows, and his testi-mony as to their damage was directed to the expense of their maintenance while their wounds were healing and the loss of production from them during such period. It was not error to refuse this instruction.

The last assignment of error is aimed at a recital in the judgment that "in the opinion of the court the plain-tiff had reasonable ground to expect to recover more than $200 of and from the defendant", and further or-dered that the plaintiff recover full costs. The conten-tion here is made under Section 1593, Code 1942, which authorized the court to tax costs "as, in its discretion, may be proper". We find no abuse of the court's dis-cretion. ■■ Nor was the court required by Sec-tion 1589 to divide the costs as in a case where a setoff is pleaded. Although there is no cross-appeal by Perry involving an allowance of $50 for damage caused by his cattle, the defendant was not entitled to set off in a tort action unliquidated damages caused by a separate tort on the part of the plaintiff. Calhoun v. McNair, 175 Miss. 44, 166 So. 330; Lancaster v. Jordan Auto Co., 185 Miss. 530, 187 So. 535; Moore v. Abdalla, 197 Miss. 125, 19 So. (2d) 502.

The contention that the plaintiff was not entitled to recover in view of his probable liability for a separate tort committed by him and that the parties should have been left where found, does not apply in this sort of case. Meador v. Hotel Grover, 193 Miss. 392, 9 So. (2d) 782. The recital in the judgment that the plaintiff had reasonable ground to expect to recover more than $200 was justified in view of the fact that for some reason the jury omitted to find any damages on account of the injury to one of the cows and did in fact find a total damage to the plaintiff on account of the injury to three of them in the sum of $192.

Affirmed.