WARD *v.* MITCHELL.

Jan. 26, 1953

No. 38641 17 Adv. S. 46 62 So. 2d 388

*Wells & Collins,* for appellant.

*L. C. Gwin,* for appellee.

HOLMES, J.

The appellant sued the appellee in the County Court of Adams County for damages arising out of an automobile collision. The damages sought by the appellant were damages to his automobile. The collision occurred on January 4, 1951, between 2:30 and 3 o'clock P. M., on the lower Woodville road about one mile from Natchez. The road is a concrete highway about 22 feet wide. The appellant was driving his 1947 Plymouth deluxe coupe, occupied also by Richard A. Lenoir and James A.

Hodges, traveling south on said road. The appellee was riding alone, driving his 1946 five-passenger Ford coupe, and was traveling north. All of the occupants of the two cars were employees of the International Paper Plant, located about three miles south of Natchez. The appellee had just signed out at the plant and was proceeding to Natchez. The appellant and his companions were on their way to the plant to sign in, preparing for the three o'clock shift of employees at the plant. The declaration was filed on May 8, 1951. The answer of the appellee was filed on October 12, 1951. The trial was had on October 23, 1951.

The declaration alleged and the appellant's proof showed that he was driving on his right hand side of the road at about 35 miles per hour, and that the appellee, who was approaching from the opposite direction, undertook to pass a car which preceded him and that in doing so, he ran head on into the appellant's car, damaging it to the extent of $775.00.

The appellee answered, denying that he was guilty of any negligence, and averring that the collision resulted from the sole negligence of the appellant, and averring further that he was one of a line of four cars traveling north on the highway; that the two cars immediately ahead of him passed the other car and that when he undertook to pass the other car, he could see ahead of him for a distance of 800 feet, and that he had ample time in which to pass had the appellant's car been driven at a reasonable rate of speed. He further averred, however, that as he undertook to pass the car preceding him and as he turned into the west lane of the highway for this purpose, and that as he reached a point about even with the car he was passing, the appellant's car approached him at a highly reckless and dangerous rate of speed and so fast that it closed the distance between him and the appellant before he had opportunity to pass or drop back behind the car which he was undertaking

to pass. The appellee claimed damages to his automobile in the sum of $750.00 as a result of the collision. The proof offered on behalf of the appellee tended to establish his claim of negligence on the part of the appellant.

Each of the parties was insured under a separate policy of insurance issued by Motors Insurance Corporation of New York, insuring each as against loss to his automobile by collision or upset, subject to $50.00 deductible. Each policy provided that in the event of the adjustment of a loss thereunder the insurance company should be subrogated to the rights of the insured. The insurance company adjusted with the appellant the loss sustained by him and in a few days thereafter, adjusted with the appellee the loss which he sustained.

The appellee incorporated in his answer a plea of recoupment, seeking to recoup the amount of the damages to his automobile as against the claim of the appellant. The appellee also incorporated in his answer a plea of accord and satisfaction, averring that at the time the said insurance company adjusted the claim of the appellee it had already adjusted the claim of the appellant and had become subrogated to his rights, and that therefore, the adjustment and settlement of the appellee's claim under his policy constituted an accord and satisfaction of all mutual claims existing between them. The appellee also incorporated in his answer a motion seeking to have the court require the appellant to permit the appellee to inspect or take copies of the insurance policy issued to the appellant, as well as the release and cancelled check involved in the adjustment of the appellant's loss under his policy. The appellant moved the court to strike from the answer of the appellee the plea of recoupment, the plea of accord and satisfaction, and also the motion for an inspection and the right to take copies of the aforesaid papers and documents, and each of these motions was overruled by the court.

At the conclusion of the evidence, the case was submitted to the jury under instructions which left to the

determination of the jury the issue of the negligence of the respective parties, the issue as to accord and satisfaction, and the issue as to contributory negligence. The court further instructed the jury that if the jury believed that the adjustment of the insurance loss with the appellee under the latter's policy constituted an accord and satisfaction of all mutual claims existing between them, then any verdict for the appellant should not exceed the sum of $50.00. The jury returned a verdict for the plaintiff for $50.00 and judgment was entered accordingly. The appellant filed a motion for a new trial, seeking a new trial on the issue of damages only, which motion was overruled by the court. Appellant prosecuted an appeal to the circuit court and the judgment of the county court was affirmed, and accordingly the appellant prosecutes this appeal to this Court.

The appellant assigns as error on this appeal the action of the trial court in overruling his motion to strike from the answer of the appellee the plea of recoupment, the plea of accord and satisfaction, and the motion for permission to inspect or take copies of the aforesaid papers and insurance documents pertaining to the adjustment of the insurance loss with the appellant. The appellant further assigns as error on this appeal the action of the trial court in refusing to the appellant certain requested instructions, and in granting to the appellee certain instructions, and in overruling appellant's motion for a new trial on the issue of damages only, and in permitting to be introduced in evidence the insurance documents pertaining to the insurance on the appellant's automobile, and in denying the request of the appellant to have the court reporter take down the argument of the appellee's counsel to the jury with respect to insurance coverage.

We are of the opinion that the motion of the appellant to strike from the answer of the appellee the plea of recoupment should have been sustained. All proceed-

ings in this case and the trial thereof were had prior to the enactment of Chap. 249 of the Miss. Laws of 1952, and at the time of the trial of this cause recoupment was not available to a defendant in a tort action. In the case of Moore v. Abdalla, 197 Miss. 125, 19 So. 2d 502, the Court said:

"Although many progressive members of our bar think it ought to be otherwise, there is no provision in our law for a counterclaim in an action in tort, even when the counterclaim grows out of the same occurrence; and because a recoupment can be used defensively only, Amory Independent Tel. Co. v. Cox, 103 Miss. 541, 547, 60 So. 641; Hoover Commercial Co. v. Humphrey, 107 Miss. 810, 820, 66 So. 214, and is therefore of no more practical service in tort actions than the plea of the general issue, a recoupment has never been used in such actions in this State, so far as any of us can now recall. The court was, therefore, technically correct in sustaining the demurrers, but when later he ruled that the trial would proceed, and it did proceed, as if the defendant had plead properly, this was all that defendant was entitled to ask or expect."

Notwithstanding the error of the trial court, however, in overruling the appellant's motion to strike the plea of recoupment from the appellee's answer, we are of the opinion that this action of the court resulted in no prejudice to the appellant for the reason that the recoupment issue was not submitted to the jury.

We are of the opinion, however, that the action of the trial court in overruling the appellant's motion to strike from the appellee's answer the plea of accord and satisfaction constituted reversible error. It is clear from the averments of the answer that the adjustment which the insurance company made with the appellee was a settlement only of the respective rights of the parties under the insurance policy issued to the appellee. The averments in the answer that this adjustment of the

insurance constituted an accord and satisfaction of all mutual indebtedness existing between the insurance company and the appellee are merely conclusions of the pleader. It follows from this conclusion that the action of the trial court in overruling the appellant's motion to strike from the appellee's answer the motion of the appellee to be permitted to inspect and take copies of the insurance documents pertaining to the insurance on the appellant's car was likewise erroneous. The proper procedure for obtaining the authority of the court to inspect documents, records, and papers in the possession of the opposite party which may be material to the issues in a pending cause is prescribed by Sec. 1659 of the Miss. Code of 1942. Under this section, the right to inspect or take copies of such documents may be obtained on application to the court after notice of the application to the opposite party. In this instance, the action of the court in not sustaining the motion of the appellant to strike from the answer this part thereof was particularly prejudicial because it permitted the appellee to get before the jury on a reading of the pleadings incompetent and irrelevant evidence. Under the issues presented in this cause, the fact that the loss of either of the parties was covered by insurance was not proper to be admitted in evidence. In 25 C. J. S., page 647, it is provided:

"The wrongdoer is not entitled to have the damages to which he is liable reduced by proving that plaintiff has received or will receive compensation or indemnity for the loss from a collateral source, wholly independent of him. Under this general rule, insurance in behalf of the injured person cannot be set up by the wrongdoer in mitigation of the loss."

We are of the opinion, therefore, that the action of the trial court in overruling appellant's motion to strike from appellee's answer this portion thereof constituted reversible error.

 The appellant also assigns as error the action of the trial court in refusing appellant's request to have the

court reporter take down the argument of the appellee's counsel with reference to insurance. Under the express provisions of Sec. 1636 of the Miss. Code of 1942, the court reporter is not required to take stenographic notes of the arguments of counsel. The court's refusal of the appellant's request was, therefore, not error.

The appellant further complains, however, that the court erred in refusing his request for the following instructions:

"The court instructs the jury for the plaintiff that the fact that either the plaintiff or defendant had insurance on their automobile should be completely ignored by the jury and given no consideration whatsoever in determining the negligence or contributory negligence of either party, nor should the same be given any consideration in determining the amount of damages, if any there be, suffered by the plaintiff."

"The court instructs the jury for the plaintiff that there has been no evidence whatsoever introduced in the trial of this cause to support the defendant's contention of accord and satisfaction, and that the jury is instructed to give no consideration to this plea."

We think that these instructions were proper and should have been granted. The fact that either of the parties had insurance was not material to the issues in the case, and the showing that there was such insurance was not proper to be introduced in evidence. We are further of the opinion that the evidence was insufficient to constitute accord and satisfaction and that, therefore, the instruction eliminating this issue from the case should likewise have been granted.

It is also contended by the appellant that the trial court erred in granting to the appellee the following instruction:

"The court instructs the jury for the defendant that if you believe from the evidence in this case that on the 22nd day of January, 1951, when the Motors Insurance

Corporation paid the claim of M. J. Mitchell, they intended thereby to compromise and settle the mutual claims between Motors Insurance Corporation and M. J. Mitchell, including the subrogated claim made the subject of this suit, then any verdict you may find for the plaintiff may not exceed the sum of $50.00.''

It follows from what has heretofore been said on the issue of accord and satisfaction that this instruction was not warranted and that the granting of the instruction to the appellee constituted reversible error.

It is further argued by the appellant that the trial court erred in overruling his motion for a new trial and granting him a new trial on the issue of damages only. It will be observed that this motion of the appellant sought a new trial solely on the issue of damages. On consideration of the entire record in this case, we do not think that the appellant was entitled to have sustained his motion for a new trial on the issue of damages only. Because of the several errors committed by the trial court, however, as hereinbefore discussed, we are of the opinion that the judgment of the court below should be and it is reversed and remanded.

Reversed and remanded.

*McGehee, C. J.,* and *Hall, Arrington,* and *Lotterhos, JJ.,* concur.