## IN THE SUPREME COURT OF MISSISSIPPI
## NO. 1998-CA-01360-SCT

*FRANCIS J. ARNONA AND PATRICIA W. ARNONA*

*v.*

*J. LONNIE SMITH*

| | |
|---|---|
| DATE OF JUDGMENT: | 07/30/1998 |
| TRIAL JUDGE: | HON. R. I. PRICHARD, III |
| COURT FROM WHICH APPEALED: | PEARL RIVER COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | GLENN LOUIS WHITE |
| ATTORNEY FOR APPELLEE: | S. ROBERT HAMMOND, JR. |
| | ROBIN BLACKLEDGE BLAIR |
| NATURE OF THE CASE: | CIVIL - LEGAL MALPRACTICE |
| DISPOSITION: | AFFIRMED - 10/21/1999 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 11/12/99 |

## BEFORE PRATHER, C.J., MILLS AND COBB, JJ.

## MILLS, JUSTICE, FOR THE COURT:

### STATEMENT OF THE CASE

¶1. Francis J. Arnona and Patricia W. Arnona appeal from the judgment of the Pearl River County Circuit Court granting J. Lonnie Smith's Miss. R. Civ. P. 12(b)(6) motion to dismiss their legal malpractice lawsuit against Smith alleging negligence and negligent misrepresentation in the preparation of a title opinion on their home.

### STATEMENT OF FACTS

¶2. In 1996, Francis and Patricia Arnona contracted to sell their home to Edward and Shelia Fellhauer. Shortly thereafter, the Fellhauers had attorney J. Lonnie Smith prepare a title opinion on the property. Smith's opinion showed that the Arnonas did not have good and marketable title to the subject property. He relied partially on a 1991 survey and found that a portion of the Arnona home extended outside the record title. Based on his findings, he informed the Fellhauers that the title could be perfected by simply obtaining a quit claim deed or, alternatively, by confirmation of title by adverse possession. Based on Smith's opinion, the Fellhauers renounced their contract with the Arnonas.

¶3. Following the Fellhauers' renouncement of the contract with the Arnonas, the Arnonas' attorney spoke with Smith concerning two quitclaim deeds which covered the subject property that the Arnonas had received when they purchased their home. Smith asserts that he was aware of the deeds when he prepared

the title opinion.

¶4. The Arnonas claim that Smith published to third parties his opinion that the Arnona property was not marketable, and as a result local realtors no longer showed or offered the Arnona property to potential buyers. Sixteen months after entering into the contract with the Fellhauers, the Arnonas sold their home for a price $22,900 less than the contract price with the Fellhauers.

¶5. On November 3, 1997, the Arnonas filed a complaint in the Pearl River County Circuit Court alleging negligence and negligent misrepresentation by Smith. Smith filed a Mississippi Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. The motion was granted by an order of the court on July 30, 1998. However, the trial judge allowed the Arnonas thirty (30) days to amend their complaint. The Arnonas failed to amend their complaint within the allotted time and opted instead for appealing the ruling of the trial court as to the motion to dismiss. The issues now before this Court as taken from the Arnonas' brief are as follows:

> **I. WHAT IS THE CORRECT STANDARD OF REVIEW FOR DISMISSAL OF AN ACTION PURSUANT TO RULE 12(B)(6) OF THE MISSISSIPPI RULES OF CIVIL PROCEDURE AND WHAT ARE THE APPROPRIATE LEGAL STANDARDS TO BE APPLIED IN THIS CASE?**
>
> **II. COULD A REASONABLE PERSON CONCLUDE THAT MR. SMITH HAD ANY DUTY TO FRANCIS AND PATRICIA ARNONA?**
>
> **III. DID THE CIRCUIT COURT COMMIT ERROR IN DISMISSING THE ARNONAS' COURSE OF ACTION BASED ON NEGLIGENT MISREPRESENTATION?**

### ANALYSIS

> **I. DID THE TRIAL COURT EMPLOY THE PROPER STANDARD OF REVIEW IN DISMISSING THE ARNONAS' CASE?**

¶6. In their first assignment of error, the Arnonas' claim that the circuit court applied the wrong standard of review in granting the Rule 12(b)(6) motion to dismiss. This Court has stated the following regarding the Rule 12(b)(6) motion:

> A motion to dismiss under Miss.R.Civ.P. 12(b)(6) raises an issue of law. *Tucker v. Hinds County*, 558 So. 2d 869 (Miss.1990); *Lester Engineering Co. v. Richland Water and Sewer District*, 504 So. 2d 1185, 1187 (Miss.1987). This Court conducts de novo review on questions of law. *UHS- Qualicare, Inc. v. Gulf Coast Community Hospital, Inc.*, 525 So. 2d 746, 754 (Miss.1987).
>
> When considering a motion to dismiss, the allegations in the complaint must be taken as true and the motion should not be granted unless it appears beyond doubt that the plaintiff will be unable to prove any set of facts in support of his claim. *Overstreet v. Merlos*, 570 So. 2d 1196 (Miss.1990); *DeFoe v. Great Southern National Bank*, 547 So. 2d 786 (Miss.1989); *Comet Delta, Inc. v. Pate Stevedore Co. of Pascagoula, Inc.*, 521 So. 2d 857 (Miss.1988).

*T.M. v. Noblitt*, 650 So. 2d 1340, 1342, (Miss. 1995).

¶7. The Arnonas assert that the Rule 12(b)(6) motion to dismiss should have been treated as a Rule 56 motion for summary judgment because the trial court considered more in ruling on the motion than the complaint. They base their claim on the trial court's reference to "the record" in the order dismissing the case. While it is proper for a Rule 12(b)(6) motion to be treated as a Rule 56 motion when matters outside the pleadings are considered, the Arnonas fail to support their contention. There is no evidence that the circuit court considered anything outside the pleadings. This is especially true where no discovery has been propounded to date. Additionally, the motion was disposed of by reference to what was or was not pleaded in the complaint. The proper standard to employ was that for a Rule 12(b)(6) motion. There is no merit to the assertion that the wrong standard of review was used by the circuit court.

## II. DID THE TRIAL COURT APPLY INCORRECT LEGAL ANALYSIS TO THE CLAIMS ASSERTED BY THE ARNONAS?

¶8. The Arnonas asserted two causes of action in their complaint. The first was a claim of negligence, and the second was a claim of negligent misrepresentation. The trial court reformed the legal claims to conform with the facts asserted by the Arnonas because the Arnonas had not pleaded all of the necessary elements to establish claims of negligence and negligent misrepresentation. The circuit court addressed the Arnonas' complaint as asserting claims of professional negligence and slander of title. This method of disposing of a complaint is not unusual. A court must look to the content of the pleading to determine the nature of the action. *West v. Combs*, 642 So. 2d 917, 920 (1994) (*citing* ***Pierce v. Chapman***, 165 Miss. 749, 143 So. 845, 847 (1932)). "Substance is considered over form." *Id.* (*citing* ***Lancaster v. Jordan Auto. Co.***, 185 Miss. 530, 545, 187 So. 535, 537 (1939)). The label is not controlling. *Id.* Therefore, this Court will address the Arnonas' claims as professional negligence and slander of title claims, as did the trial court. We will, however, first look at the claims as presented by the Arnonas.

### A. Negligence

¶9. To establish a prima facie claim of negligence, the following elements must be proven: (a) duty or standard of care, (b) breach of that duty or standard, (c) proximate causation, and (d) damages or injury. ***Lyle v. Mladinich***, 584 So.2d 397, 399 (Miss. 1991). The Arnonas failed to show how Smith owed a duty to them. Although privity is not required for an attorney to be liable to a person, the Arnonas in no way relied on Smith's title opinion. In fact, they openly disagreed with it. Smith prepared a title opinion for the buyers, the Fellhauers. He performed no services for the Arnonas, and they did not rely on him in any way. It is obvious that the Arnonas did not rely on the Smith title opinion due to their assertion in their complaint that they attempted to contact Smith to provide him with copies of quitclaim deeds to the area encroached upon. They did not agree with the opinion and attempted to show him that his opinion was inaccurate. This Court has held "[a]n attorney performing title work will be liable to reasonably foreseeable persons who, for a proper business purpose, detrimentally rely on the attorney's title work, suffering loss proximately caused by his negligence." ***Century 21 Deep South Properties, Ltd. v. Corson***, 612 So.2d 359, 374 (Miss. 1992). Therefore, with the necessary element of reliance missing, the Arnonas' claim of negligence fails.

¶10. The trial court reformed this cause of action as a claim asserting professional negligence. The court found, however, that the requisite reliance was absent from the pleading of a claim for professional negligence. Therefore, the court properly dismissed the Arnonas' claim of professional negligence with prejudice.

### B. Negligent Misrepresentation

¶11. The elements necessary to support a claim of negligent misrepresentation are: (a) a misrepresentation or omission of a fact; (b) the representation or omission is material or significant; (c) a failure by the defendant to exercise reasonable care; (d) reliance on the misrepresentation or omission; and (e) damages caused directly and proximately by reasonable reliance on the representation or omission. *Stonecipher v. Kornhaus*, 623 So.2d 955, 964 (Miss. 1993).

¶12. In order to state a claim for negligent misrepresentation, a plaintiff must first show that some misrepresentation was made to them. No representation was made to the Arnonas. The representation was made to the Fellhauers. In addition, the Arnonas allege that the Fellhauers relied upon the title opinion in their decision to rescind the contract. As shown above, the Arnonas fail to show that they relied upon Smith's title opinion. Therefore, the absence of the requisite element of reliance, as well as the element of a misrepresentation, causes the negligent misrepresentation cause of action to fail.

### C. Slander of Title

¶13. The court did find that the Arnonas may have had a claim for slander of title, but that the necessary element of malicious intent was not pleaded. The court allowed the Arnonas thirty (30) days to amend their complaint to allege malicious intent if the facts supported such an allegation. However, the Arnonas chose to take a different route from that suggested by the court and appealed the circuit court's ruling on the motion to dismiss. In the meantime, their claim for slander of title was dismissed after thirty days from entry of the order dismissing the other claims. The circuit court did not err in dismissing the Complaint under these circumstances.

## CONCLUSION

¶14. The Arnonas have failed to state a claim upon which relief can be granted. The trial court properly relabled and analyzed the claims from their pleaded version. Additionally, the trial court used the proper standard of review to analyze the claims as the order dismissing the action was based upon facts alleged in the complaint. Therefore, the judgment of the Circuit Court of Pearl River County is affirmed.

¶15. **AFFIRMED.**

**PRATHER, C.J., PITTMAN, P.J., BANKS, SMITH, WALLER AND COBB, JJ., CONCUR. McRAE, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY SULLIVAN, P.J.**

**McRAE, JUSTICE, DISSENTING:**

¶16. The majority misses the point in its decision. Although it appears clear from the well-pled factual allegations of the complaint that Smith's title opinion was relied upon by the Arnonas and they suffered substantially, this is not a question of law to be decided by the trial judge or by this Court. Instead, as with all questions of fact, the jury should make the determination of negligence. The trial court's decision to grant a Miss. R. Civ. P.12(b)(6) motion to dismiss should be reversed. Accordingly, I dissent.

¶17. A motion to dismiss made under Rule 12(b)(6) is not favored. *Tucker v. Hinds County*, 558 So.2d 869, 872 (Miss. 1990); *Martin v. Phillips*, 514 So.2d 338, 340 (Miss.1987). The court must assume the factual allegations in the complaint are true, construe them in a manner most favorable to the non-movant,

and decide if the facts alleged could give rise to an actionable claim. *Rathborne v. Rathborne*, 683 F.2d 914, 918 (5th Cir. 1982). The motion should only be granted if it appears beyond doubt that the plaintiff will be unable to prove any set of facts in support of his claim. *Donald v. Amoco Prod. Co.*, 735 So.2d 161, 165 (Miss. 1999); *Butler v. Board of Supervisors*, 659 So.2d 578, 581 (Miss.1995).

¶18. In addition, as Mississippi is a notice-pleading state, the Arnonas satisfied the requirements in their complaint sufficient to overcome a 12(b)(6) motion. Mississippi Rule of Civil Procedure 8 states, in pertinent part: (a) Claims for Relief. A pleading which sets forth a claim for relief, ... shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief, ... (e) Pleading to Be Concise and Direct: Consistency. (1) Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required. The comment to Rule 8 begins with this statement: "The purpose of Rule 8 is to give notice, not to state facts and narrow the issues as was the purpose in prior Mississippi practice."*Independent Life & Acc. Ins. Co. v. Peavy*, 528 So.2d 1112,1116 (Miss. 1988); *see* Miss. R. Civ. P. 8 cmt. Our notice pleading rules allow the development of facts in discovery, something which was not allowed in this case. How the majority can hold that the Arnonas are not entitled to any relief under the facts alleged in this case is beyond me.

¶19. To see the error of its ways this Court must look no further than its own decision in *Century 21 Deep South Prop., Ltd. v. Corson*, 612 So.2d 359 (Miss. 1992), which modified the requirements of legal malpractice actions based on an attorney's negligence in performing title work by abolishing the requirement of an attorney-client relationship. The *Century 21* case extended liability to forseeable third parties detrimentally relying on title work who suffer damages due to a negligent opinion. *Century 21*, 612 So. 2d at 374.

¶20. Following this Court's directive in *Century 21*, it is forseeable that the Arnonas, who contracted to sell their house, would be affected by an inaccurate title opinion stating that there was cloud on the title. A title opinion which causes potential buyers to rescind their contract to purchase a home due to the potential burden of legal problems certainly has an effect on the sellers. In fact, it was some sixteen months after entering into the contract that the Arnona's finally sold their home. This time, even with a clear title, the home sold for $22,900 less than the original contract price.

¶21. When an attorney prepares a title opinion, that opinion is published to the world. A duty is owed to whomever may rely on that opinion, regardless of privity. To say that the Arnonas did not rely on the title opinion is a matter of semantics and hair splitting and goes against this Court's past rulings regarding who are forseeable plaintiffs. Simply put, but for Smith's allegedly bad title opinion the Arnonas' house would have been sold as contracted, and the Arnonas would not have suffered a loss of over $22,000. If this Court will allow an attorney's title opinion to be relied upon by others conducting title searches for years and years down the line, why does it not recognize such reliance in this case?

¶22. Using the words of this very Court, "[r]eliance on a licensed professional to perform his work competently is imminently reasonable." *Century 21*, 612 So.2d at 374. Accordingly, I dissent.

## SULLIVAN, P.J., JOINS THIS OPINION.