ETHRIDGE, Chief Justice:
This action arises from a three-car traffic accident which occurred at dawn, in inclement weather, on January 21, 1968, on U. S. Highway 278 near Gattman, Mississippi. Velmon Carter and two co-workers were proceeding west on Highway 278 enroute to their jobs at Cramco, Inc., in Amory, Mississippi, when they collided with a vehicle driven by T. L. Webb of Gattman, who had been travelling east on 278 and was at the instant of the collision in the process of executing a left turn, i. e., a turn to the north across the westbound traffic lane occupied by Carter. The crash left Carter unconscious and his disabled pickup truck in the center of the highway, blocking both lanes of traffic, where shortly thereafter it was struck by a car driven by Archie Gene Medley of Nettleton, Mississippi, who was heading east to Birmingham on 278. All parties sustained personal injuries and property damages.
*335 Carter instituted this suit in the Circuit Court of Monroe County against both Webb and Medley, charging each with a failure to exercise ordinary care in the operation of his vehicle, to keep his vehicle under proper and easy control, and to keep a proper lookout. Additionally, Carter accused Webb of negligently failing to yield the right-of-way and turning across a lane of approaching traffic without signalling; he charged Medley with speeding, following Webb’s vehicle too closely, and negligently failing to stop when he observed or should have observed that the highway was blocked. Both Webb and Medley denied Carter’s allegations, and both counterclaimed. Webb charged that Carter was speeding and that he failed to maintain a proper lookout and to keep his vehicle under reasonable control. Medley charged that Carter’s negligence set in motion all of the collisions, in that Carter negligently failed to keep a proper lookout, to keep his car under control, and was driving at a high and dangerous rate of speed under the circumstances. The accidents occurred around 6:15 A.M., in February, daylight was just breaking, it was raining and snowing.
The positions of the parties established thus, the case went to trial at the March 1969 term of court. At the conclusion of all evidence, Webb settled Carter’s claim against him on undisclosed terms. Hence the Carter-Medley claim and counterclaim went to the jury, which returned a $4,222 verdict for Medley on his counterclaim. Carter moved for judgment notwithstanding the verdict, and the trial court sustained that motion and set aside the verdict for Medley, awarding Carter judgment on Medley’s counterclaim, and entering judgment for Medley on Carter’s original claim.
Medley took a direct appeal, asserting that the circuit court erred in setting aside the verdict in his favor and in granting Carter a judgment notwithstanding that verdict. Carter cross-appealed, arguing that the jury erred in not finding for him on his declaration against Medley, that the trial court erroneously refused certain instructions, that the verdict of the jury was against the great weight of the evidence, and that instructions granted Medley on his counterclaim were inadequate.
After careful consideration of the record, we conclude that under the comparative negligence statute the respective liabilities of the parties were issues for the jury, and not the court. With reference to Carter, the jury could find, as it apparently did, that Carter was driving at a negligently high rate of speed with the weather, visibility, and road conditions then existing, that he failed to keep a proper lookout and to keep his car under reasonable control, and that these factors were contributing causes of his collision with Webb. Webb was clearly negligent, but the jury was justified in finding that the negligence of both Carter and Webb contributed to the collision between their vehicles.
In view of the jury verdict, we must construe the evidence and reasonable inferences from it most favorably to Medley. The jury could have found that Medley was without negligence; that his collision happened within thirty seconds of the Carter-Webb collision; that Medley was driving at a reasonable rate of speed under the circumstances, and no fault attached to him; or it could have found that although Medley was somewhat at fault, the negligence of Carter predominated in causing Medley’s injuries, and it reduced Medley’s damages. In sum, the evidence presented issues for the jury. The circuit judge erred in setting aside the jury verdict and rendering a judgment notwithstanding the verdict for Carter.
Carter obtained fourteen instructions in support of his claim against Medley. They fully defined the issues as to Medley’s alleged negligence. Medley obtained six instructions on his defenses to Carter’s suit. On his counterclaim, Medley got three instructions, one on a nine-juror verdict, another defining negligence in general *336 terms (doing something which a reasonably prudent person would not have done, or failure to do something which a reasonably prudent person would have done), and the third pertaining to damages. Carter as cross-defendant obtained no instructions. Miss.Code 1942 Ann. § 1483.5 (1956) (counterclaims).
In his cross-appeal Carter argues that Medley’s instructions on his counterclaim did not identify for the jury Carter’s alleged negligence and did not sufficiently define Medley’s burden of proof by a preponderance of the evidence. . However, reading all the instructions together, the jury was adequately instructed on the issues, although the counterclaim instructions did not define specific items of Carter’s alleged negligence.
Furthermore, since in this state the trial judge is without the right to instruct the jury on his own initiative, but is restricted to the granting or refusing of instructions requested by the parties, “the trial judge is without the power to prevent the submission of a case to the jury without instructions, but the practice of counsel in so doing has been condemned * * * and in some cases would amount to a breach of duty to the client.” J. C. Penney Co. v. Evans, 172 Miss. 900, 907, 160 So. 779, 781 (1935); 1 J. Alexander, Mississippi Jury Instructions § 8 (1953). In National Surety Corp. v. Vandevender, 235 Miss. 277, 108 So.2d 860 (1959), the Court followed Evans and stated:
This Court has never commended the practice of relying on issues concerning which the jury is not instructed. Many authorities have condemned it. But in this jurisdiction the jury has the right to determine issues made by the pleadings and the evidence, notwithstanding no instruction is given on the issues. If the pleadings and the evidence justify a result reached by the jury, we will not reverse for failure of the successful party to have the jury instructed on the issues. 235 Miss, at 284, 108 So.2d at 863.
Moreover, under this jurisdiction’s comparative negligence statute, it is for the jury to decide not only all questions of negligence, but also whether it will diminish the damages in proportion to the amount of the negligence attributable to plaintiff, “even if no instruction to this effect is requested by either party.” Miss. Code 1942 Ann. §§ 1454, 1455 (1956); Vaughan v. Bollis, 221 Miss. 589, 73 So.2d 160 (1954).
For these reasons, the judgment of the circuit court, rendering judgment for Carter on his motion for judgment notwithstanding the verdict, is reversed. Judgment is rendered here reinstating and affirming the judgment based on the jury verdict in favor of appellant. On Carter’s cross-appeal, the latter judgment is affirmed.
Judgment on direct appeal reversed, and judgment based upon jury verdict reinstated and affirmed; on cross-appeal affirmed.
JONES, PATTERSON, INZER and ROBERTSON, JJ., concur.