288 So.2d 846 (1974)
Archie MEDLEY
v.
T.L. WEBB.
No. 47360.
Supreme Court of Mississippi.
January 21, 1974.
*847 Ralph E. Pogue, Aberdeen, for appellant.
Mitchell, McNutt & Bush, Wade H. Lagrone, Tupelo, for appellee.
RODGERS, Presiding Justice.
The facts involved in this case are carefully recorded in Medley v. Carter, 234 So.2d 334 (Miss. 1970) and will not be repeated here. It is sufficient to say that the litigation here involved grew out of a multiple automobile accident.
One of the automobile drivers, Velmon Carter, filed suit against T.L. Webb, the driver of an automobile, who was in the process of crossing the travel lane occupied by Carter at the time of the accident, and Carter also sued Archie Gene Medley, the driver of a vehicle that ran into the wrecked automobile of T.L. Webb. Both defendants cross-sued Velmon Carter. Webb settled with Carter and was eliminated from the suit. The suit between Carter and Medley was submitted to a jury. The jury returned a verdict in favor of the cross-plaintiff, Archie Gene Medley, for four thousand two hundred twenty-two dollars ($4,222.00). The trial court set the verdict aside on the motion of Carter for a judgment notwithstanding the verdict. Medley appealed to this Court in the Medley v. Carter case above cited. This Court reinstated the Medley judgment. When the case was returned to the trial court, Carter paid Medley the amount of the judgment less two dollars ($2.00). The judgment was first satisfied, but later the Court permitted the clerk to correct this entry to say: "Judgment lien extinguished by a special release to Velmon Carter only."
Archie Gene Medley then filed suit against T.L. Webb alleging that he had been damaged in the sum of thirty-six thousand eight hundred ninety-two dollars and seventy-four cents ($36,892.74), and that Velmon Carter had paid four thousand two hundred twenty-two dollars ($4,222.00) of the damages due, but there still remained due him the sum of thirty-two *848 thousand six hundred and seventy dollars and seventy-four cents ($32,670.74). He then charged that the negligence of the defendant, T.L. Webb, contributed to his injury and that he was entitled to recover the balance of his damages from T.L. Webb.
The defendant filed a plea in bar of the action in the form of a demurrer upon the ground that the plaintiff had received full payment for his damages growing out of the accident from Velmon Carter. The trial court sustained the plea in bar and entered judgment dismissing the suit of Medley.
The issue here is whether or not the plaintiff received full satisfaction for his alleged damages in his suit and judgment against Velmon Carter, or was the plaintiff permitted to give credit for the amount paid by Carter on the amount alleged to have been his damages and to sue for the remainder against a joint tort-feasor?
The appellant cited Mississippi Code 1942 Annotated Section 335 (1956), which is now Mississippi Code Annotated Section 85-5-3 (1972) as the authority on which he bases his right to sue T.L. Webb. This section is in the following language:
"In any action founded on a joint or joint and several bond, covenant, bill of exchange, promissory note, or other contract, or on a contract or liability of co-partners, it shall be lawful to sue any one or more of the parties liable on such bond, covenant, bill of exchange, promissory note, or other contract or liability; and separate suits may be brought against the representatives of such of the parties as have died, or joint suits may be brought against the representatives of the deceased party and those who are alive and bound therein; and the rendition of judgment against one or more joint or joint and several debtors shall not affect any right of the plaintiff as to the other parties, unless satisfaction has been obtained."
Appellant then argues that the trial court wholly failed to recognize that it was the intention of the appellant and Velmon Carter that the payment of the judgment by Carter was a partial settlement of the claim for damages due to Medley.
The appellant has cited many cases based upon the theory that a plaintiff has the right to settle with one joint tort-feasor and to then sue the other joint tort-feasor for the damage due in excess of that paid by one joint tort-feasor. For example, see Lee v. Wiley Buntin Adjuster, Inc., 204 So.2d 479 (Miss. 1967).
In Lee, supra, this Court was careful to point out that the record did not disclose any specific issue actually litigated in the compromised Alabama case, which was relitigated in the suit of Lee v. Wiley Buntin Adjuster, Inc., supra.
The issue as we see it is not that the plaintiff had a right to sue two joint tort-feasors for damages caused by them, or contributed to by them, [he had this right]; nor is it an issue here that plaintiff had the right to settle and covenant not to sue one of the joint tort-feasors. The issue here is whether or not a judgment against one of the joint tort-feasors for all the damages found to be due the plaintiff by the jury is fully satisfied when the amount of the judgment is paid, although the party paying the judgment agrees that the plaintiff may sue another joint tort-feasor.
There can be but one satisfaction of the amount due the plaintiff for his damages. He cannot recover the full amount found by a jury to be due him and still sue another joint tort-feasor because the jury did not award him as much money as he claimed to be his damages. See Annot., 135 A.L.R. 1498 (1941) and Annot., 166 A.L.R. 1100 (1947).
We have no doubt that a plaintiff may sue one joint tort-feasor and settle his claim and reserve the right to sue *849 another joint tort-feasor, giving credit for the amount recovered. We do not believe these cases are applicable to the facts in this case.[1] The plaintiff has the right to sue either one of the joint tort-teasors for all the damages accruing to the plaintiff, inasmuch as a joint tort-feasor is liable for all the damages due to the plaintiff. If the plaintiff elects to sue one joint-tort-feasor for all the damages alleged to be due him, and the jury determines the amount of damages due to the plaintiff as a result of the accident, the amount due then becomes fixed. The plaintiff cannot again litigate the issue as to the amount due him. When the amount of damages fixed by the jury has been paid, there is nothing further to litigate. On the other hand, if the judgment is partially paid, the plaintiff has the right to sue the joint tort-feasor for the unpaid amount, but not for the original sum claimed before the damages due were determined by the jury.
The appellant, Archie Gene Medley, alleged in his cross-suit against Carter, that:
"The negligence of the Plaintiff, Velmon Carter, was the sole proximate cause of the entire accident and as a result of his negligence the entire accident was set in motion and that the Plaintiff and Cross-Defendant, Velmon Carter, failed to keep a proper lookout ... [the negligence of Carter was listed]."
The cross-plaintiff then alleged:
"... The Defendant and Cross-Plaintiff avers that each and all of the aforementioned acts of negligence individually and collectively ... contributed to and together formed the sole, only, and proximate cause of the damage to the Defendant and Cross-Plaintiff as said damages will be hereinafter set out."
The Cross-Plaintiff, appellant herein, alleged that as a result of the negligence of the plaintiff Carter, he was damaged in the sum of thirty-six thousand eight hundred ninety-two dollars and seventy-four cents ($36,892.74). Defendant/Cross-Complainant avers that the negligent acts of the plaintiff/cross-defendant individually and collectively were the sole proximate cause of the wreck and the sole proximate cause of the injuries sustained by the defendant/cross-plaintiff, or, in the alternative, that the acts of negligent breach of the duties owed defendant/cross-plaintiff by the plaintiff/cross-defendant Velmon Carter were a contributing cause of the accident. He again demands judgment of the plaintiff Carter for thirty-six thousand eight hundred ninety-two dollars and seventy-four cents ($36,892.74).
In the case now on appeal, the plaintiff, Medley, sets out that "The plaintiff avers that his total damages prior to said award were Thirty-Six Thousand Eight Hundred Ninety-Two and 74/100 Dollars ($36,892.74)." Plaintiff Medley leaves no doubt that he sued the defendant Carter in his cross-suit for the full amount of the damages due him. The jury, however, fixed the full amount of his damages to be four thousand two hundred twenty-two dollars ($4,222.00). This judgment was paid, less two dollars ($2.00). The plaintiff's suit could rise no higher than the balance due on the judgment for the injuries sustained. Since this sum is so small as to be of no consequence, we are of the opinion that the judgment of the trial court dismissing the suit should be affirmed.
Affirmed.
PATTERSON, SMITH, ROBERTSON and SUGG, JJ., concur.
NOTES
[1] Weldon v. Lehmann, 226 Miss. 600, 84 So.2d 796 (1956); Gulf Refining Co. v. Ferrell, 165 Miss. 296, 147 So. 476 (1933); Waterman Fouke Lumber Co. v. Miles, 135 Miss. 146, 99 So. 759 (1924). It is likewise true that whether the settlement was to be considered a full settlement against all parties or not is a jury issue. Bogdahn v. Pascagoula St. Ry. & Power Co., 118 Miss. 668, 79 So. 844 (1918).