# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 96-CA-00887-SCT

*ELBERT TURNER*

*v.*

*JAMES T. PICKENS*

| | |
|---|---|
| DATE OF JUDGMENT: | 06/05/96 |
| TRIAL JUDGE: | HON. LAMAR PICKARD |
| COURT FROM WHICH APPEALED: | CLAIBORNE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | MARSHALL SANDERS |
| ATTORNEYS FOR APPELLEE: | SILAS W. McCHAREN |
| | ARTHUR S. JOHNSTON |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED - 5/14/98 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 6/4/98 |

**BEFORE SULLIVAN, P.J., BANKS AND MILLS, JJ.**

**MILLS, JUSTICE, FOR THE COURT:**

## STATEMENT OF THE CASE AND FACTS

¶1. On December 27, 1985, Elbert Turner was involved in an automobile accident. As a result of this accident, Turner filed a civil action against Wells Fargo Armored Service Corporation, Herman Ludvigsen, Pickens Brothers Lumber Company, Inc., and James Pickens. At trial a directed verdict was entered in favor of Pickens Brothers. The jury returned a verdict of $3, 461,082 against Wells Fargo, Ludvigsen, and Pickens. The trial court reduced the verdict to $3,416,090.

¶2. The defendants appealed and in 1989 this Court reversed and remanded for a new trial as to liability and damages against Pickens and affirmed as to the liability against Wells Fargo and Ludvigsen. *Wells Fargo Armored Serv. Corp. v. Turner*, 543 So. 2d 154 (Miss. 1989). This Court also vacated and remitted the judgment from $3,416,090 to $850,000. *Turner*, 543 So. 2d at 159-60. Wells Fargo paid the remittitur, which Turner accepted, and a satisfaction of the judgment was entered in the Circuit Court of Claiborne County, Mississippi.

¶3. Turner now claims that because this Court reversed and remanded for a new trial as to Pickens, he can sue Pickens for the rest of his damages. Pickens asserts that Turner has already received full

satisfaction of his claim. The trial court held that Turner concluded the case when he accepted the remittitur, and thus, should not be able to bring suit against Pickens. Aggrieved, Turner brings this appeal.

### ISSUES

**I. WHETHER THIS APPEAL SHOULD BE DISMISSED FOR LACK OF JURISDICTION BECAUSE TURNER FAILED TO FOLLOW MISSISSIPPI RULE OF APPELLATE PROCEDURE, RULE 4(g)?**

¶4. We do not discuss the jurisdictional issue presented on this appeal since this issue has been previously addressed by order of this Court denying the Appellee's Motion to Dismiss.

**II. WHETHER TURNER'S ACCEPTANCE OF THE REMITTITUR ACTED AS A COMPLETE AND FINAL SATISFACTION AS TO ALL DEFENDANTS FOR THE DAMAGES RESULTING FROM HIS 1985 AUTOMOBILE ACCIDENT?**

¶5. Turner asserts that the $850,000 he received in damages does not constitute all of the damages to which he is entitled. He claims that when this Court ordered the remittitur, we never stated that an amount over $850,000 would be excessive. Thus, he argues that he should now be able to sue Pickens and if a new jury finds his damages to be over $850,000, then Pickens should be liable for the difference.

¶6. Turner is correct that this Court did not state that $850,000 was the maximum amount that could be awarded in damages in this case. *Wells Fargo Armored Serv. Corp. v. Turner*, 543 So.2d 154 (Miss. 1989). What this Court did was give Turner a choice: he could have a new trial to determine damages against Wells Fargo and to determine both liability and damages of Pickens; or he could accept the remittitur. Any time this Court finds that damages are excessive and enters a remittitur, the plaintiff always has the option of accepting the remittitur or having the case remanded for a new trial on damages. *Odom v. Roberts*, 606 So.2d 114, 120 (Miss. 1992). In the case *sub judice,* Turner accepted the remittitur. When he did so he received full satisfaction of his claim.

¶7. We have previously held that a plaintiff is only entitled to one satisfaction. *Medley v. Webb*, 288 So.2d 846, 848 (Miss. 1974). He cannot recover the full amount due to him and still sue another joint tortfeasor because he thinks the damages awarded to him were inadequate. *Medley*, 288 So.2d at 848. Turner argues that the reasoning in *Medley* does not apply to the present case because in *Medley* the plaintiff received the full amount of damages awarded by the jury, and in the case *sub judice,* the plaintiff did not receive the full amount awarded by the jury, receiving the amount of the remittitur instead. Turner's reasoning is misguided. He fails to realize that when he accepted the remittitur he received full satisfaction of his claim and he cannot now pursue Pickens for more damages. The rule of law concerning the effect of accepting a remitted judgment is concisely stated in 74 Am.Jur. 2d *Torts* § 85, which states:

> A partial payment of a judgment against one joint tortfeasor is not a satisfaction which will prevent the maintenance of an action against another. **But where the injured party accepts the amount of a judgment as reduced by remittitur, such payment amounts to a full satisfaction and operates to discharge the other tortfeasors otherwise jointly liable.**

74 Am.Jur.2d Torts § 85 (1974)(emphasis added).

¶8. We hereby adopt this rule. Accordingly, we hold that Turner extinguished the liability of all of the joint tortfeasors when he accepted the remittitur. Therefore, Pickens cannot be found liable, and Turner's cause of action against Pickens should be dismissed.

## CONCLUSION

¶9. This Court denies Turner's claim. Turner accepted the remittitur which amounted to full satisfaction of his claim. Thus, he is now barred from bringing suit against Pickens.

¶10. **AFFIRMED.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., BANKS, SMITH AND WALLER, JJ., CONCUR. McRAE, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY ROBERTS, J.**


**McRAE, JUSTICE, DISSENTING:**

¶11. This case involved an automobile accident involving multiple defendants. The trial judge directed a verdict for Pickens Brothers. As to the remaining defendants, the case went to the jury for resolution of damages. The jury returned an award of $3,461,082 against Wells Fargo, Ludvigsen, and Pickens individually. In 1989, this Court affirmed liability as to Wells Fargo and Ludvigsen and issued a separate judgment against these defendants. In the paragraph dealing with the judgment against Wells Fargo and Ludvigsen, this Court remitted the jury award from $3,461,082 to only $850,000 as against those defendants only. This Court then ordered a new trial on liability and damages against Pickens. Now the majority has decided that Turner cannot have a trial against Pickens. Given the majority rule in this case, why should a plaintiff even have a trial if the plaintiff cannot receive a higher verdict than a remittitur ordered by this Court?

¶12. Significantly, the jury below determined that damages were $3,461,082, resolving the only question presented to them. The jury did not have a comparative negligence question, i.e., whether Pickens was responsible for damages to Turner and if so, for how much was he responsible. With this Court giving separate judgments, pursuant to Rule 54 of the Mississippi Rules of Civil Procedure, the acceptance of the remittitur by the plaintiff as to two defendants, for what this Court determined to be a minimum amount, does not preclude a judgment against the third defendant for a higher amount, particularly given the way this Court rendered its decision compared to the form of the jury verdict. What would happen if, on the initial remand, Turner's case against Pickens had gone to the jury and the jury returned a verdict greater than or less than the amount of the judgment against Wells Fargo? Is the majority saying that if Turner chose to obtain a higher verdict from Pickens, he could not accept any verdict above the amount awarded by Wells Fargo? When this Court issues an additur or remittitur, the amount we determine is a minimum on recovery, not a ceiling. Turner was entitled, based on this Court's previous decision, to seek higher damages against Pickens.

¶13. The majority's decision to preclude Turner's recovery against Pickens contradicts our decision in *McBride v. Chevron U.S.A.*, 673 So. 2d 372 (Miss. 1996). In *McBride*, this Court stated that "a

defendant whose negligence has been found to have proximately caused injury to another person should not be allowed to escape liability for his negligence by the fortuity that a co-defendant has settled prior to trial." *Id.* at 380. This Court adopted the "settlement-first" method, meaning that the percentage representing the plaintiff's share of fault should be applied to the plaintiff's gross damages after subtracting the amount of the settlement in order to arrive at the plaintiff's net recovery from the nonsettling torfeasor. *Id.* at 376. A prior settlement with one defendant pursuant to this method will not affect the plaintiff's recovery against a second defendant for his negligence.

¶14. The decision could have been amended and the verdict reduced against Pickens, Ludvigsen, and Wells Fargo to $850,000 and Turner could have been given thirty days to accept it, as provided by our rules for remittiturs. Instead, this Court, in separate judgments, reversed and remanded for a trial on liability and damages against Pickens and affirmed liability as against Wells Fargo and Ludvigsen. The majority misreads what the Court originally did and appears to retreat to an unconditional "one-satisfaction" *Medley* rule without overruling *McBride*. The acceptance of the remittitur by Turner could not have been in full satisfaction of his claim when this Court specifically ordered a new trial on liability and damages for one of the defendants. At best, the remittitur paid by Wells Fargo only represents the satisfaction of its portion of the judgment as it was determined by the jury. The amount of the judgment as to Pickens remains to be determined.

¶15. The majority has erred in precluding Turner's recovery against Pickens. The rule espoused in Am. Jur. 2d, cited by the majority, applies only to those cases in which a remitted judgment applies to all tortfeasors. In this case, this Court specifically separated the judgments against Pickens and against Wells Fargo and Ludvigsen. Accordingly, the rule advanced by the majority regarding remittiturs is not applicable. For these reasons, I dissent.

**ROBERTS, J., JOINS THIS OPINION.**