# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2003-CA-00019-SCT

*ROBIN MEDLIN*

*v.*

*HAZLEHURST EMERGENCY PHYSICIANS,*
*EMCARE OF MISSISSIPPI, INC. a/k/a EMCARE,*
*INC., WILLARD SPEED, JR., M.D., COPIAH*
*MEDICAL ASSOCIATES, BRIAN TWEDT, M.D.,*
*PHILIP CRANSTON, M.D., AND ROBERT L.*
*WALKER, M.D.*

## ON MOTIONS FOR REHEARING

| | |
|---|---|
| DATE OF JUDGMENT: | 11/25/2002 |
| TRIAL JUDGE: | HON. LAMAR PICKARD |
| COURT FROM WHICH APPEALED: | COPIAH COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | BRENT E. SOUTHERN |
| ATTORNEYS FOR APPELLEES: | MARK P. CARAWAY |
| | WALTER T. JOHNSON |
| | AUBREY BRYAN SMITH, III |
| | STUART BRAGG HARMON |
| | JAN F. GADOW |
| | ROBERT S. ADDISON |
| | JOHN ALFRED WAITS |
| | JEFFREY RYAN BAKER |
| NATURE OF THE CASE: | CIVIL - MEDICAL MALPRACTICE |
| DISPOSITION: | AFFIRMED-09/23/2004 |
| MOTIONS FOR REHEARING FILED: | 01/29/2004; 02/12/2004; 02/13/2004 |
| MANDATE ISSUED: | |

**EN BANC.**

**DICKINSON, JUSTICE, FOR THE COURT:**

¶1.     The four motions for rehearing are granted.  The prior opinion is withdrawn, and this opinion is

substituted therefor.

¶2.     This is a case of two lawsuits seeking recovery of the same damages. The first suit resulted in a jury verdict, the full amount of which had previously been paid by two defendants who settled prior to trial. Because the plaintiff had already been paid the full amount awarded by the jury, the second suit resulted in a summary judgment for all defendants. The matter is now before us – not for a determination of whether the defendants may be liable – but for a determination of whether (even if they are) there is anything left for the plaintiff to recover.

*The first suit*

¶3.     On May 12, 1999, Robin Medlin was driving north on I-55 near Crystal Springs when her car was sandwiched between a tractor lawn mower and an eighteen-wheeler tractor-trailer rig. On July 28, 1999, Medlin filed suit against the driver of the eighteen-wheeler, Michael Walls, and his employer, D & M Trucking, and against the driver of the mower, Adrian Gonzales, and his employer, Clancy's Lawn Care and Landscaping, Inc. In her complaint, Medlin alleged that the negligence of the two individual defendants was the proximate cause of the accident. The complaint further alleged:

> All of the injuries, past, present and future pain and suffering, disabilities, expenses and other losses and damages, including lost wages and loss of wage earning capacity, were directly and proximately caused by the aforementioned actions of the Defendant, Gonzales. . . .
>
> By reason of and as a direct and approximate (sic) result of the actions of the Defendant, Walls, the Plaintiff Medlin . . . sustained multiple injuries including bruises, contusions and abrasions over her body; broken bones and other internal injuries; and trauma resulting in her being rendered unconscious. All of these injuries resulted in excruciating physical and mental pain and anguish, physical and mental stress and discomfort. The plaintiff's injuries as described are permanent in nature and caused her to incur substantial expenses for doctor's bills, hospital bills, medical treatment and other necessary medical expenses, and she will continue to incur such expenses and costs in the future.
>
> All of the injuries, past, present and future pain and suffering, disabilities, expenses and other losses and damages, including lost wages and loss of wage earning capacity, were directly and proximately caused by the aforementioned actions of the Defendant Walls . . . .

¶4.   On August 6, 1999, after her release from the hospital, Medlin learned that her right thumb had been fractured in the accident. On November 11, 1999, she learned that she had suffered a fractured vertebrae.

¶5.   On August 29, 2001, just prior to the beginning of trial, Medlin settled with Gonzales and Clancy's Lawn Care for $300,000. She proceeded to trial against Walls and D & M Trucking which resulted in the following special jury verdict:

> 1.   What is the total amount of damages incurred by the plaintiff, Robin Medlin, as a result of the accident in question? $300,000.00.
>
> 2.   Do you find from a preponderance of the evidence that the defendants, Michael Walls and D & M Trucking Company, were guilty of any negligence which was a proximate contributing cause of the plaintiff's damages?
>
> _____ yes
>      X      no

¶6.   The jury was not asked to, nor did they, attribute fault to any other party. There was no assertion that Medlin's damages were caused by the actions or inactions of the treating physicians or hospital. Punitive damages were not considered by the jury.

¶7.   Thus, on August 29, 2001, a jury determined that the total amount of damages suffered by Medlin as a result of the accident was $300,000.00. There is no dispute that Medlin received that full amount from Gonzales and Clancy's Lawn Care in settlement of Medlin's claim against them for damages sustained in the accident. We must now travel back two years prior to the trial, to the day of the accident.

*The second suit*

¶8.   Following the accident, Medlin was transported to the emergency room at Hardy Wilson Memorial Hospital (the "Hospital") in Hazlehurst. Dr. Willard Speed, Jr., saw her in the emergency room and

3

ordered x-rays, which were interpreted by Dr. Brian Twedt and Dr. Philip Cranston. Medlin was later admitted to the hospital and transferred to Dr. Robert L. Walker's care.

¶9.     After Medlin was discharged on May 17, 1999, she continued to have pain and discomfort in her neck, back, shoulders, and arms. She consulted other physicians who informed her that she had fractures in her neck, arm, and thumb. Two years later, claiming the doctors at the hospital had not properly treated her, Medlin filed this medical malpractice suit against the Hospital, Hazlehurst Emergency Physicians ("Physicians"), Emcare of Mississippi, Inc. ("Emcare"), Drs. Speed, Walker, Twedt, Cranston, and Copiah Medical Associates ("Copiah"). Medlin alleged that the defendants were negligent in their diagnosis, treatment and care of her for injuries she received in the automobile accident.

¶10.    Three months following the initiation of the medical malpractice (second) suit, the first suit was tried, which returns us to August 29, 2001, when the jury determined that the total amount of damages suffered by Medlin as a result of the accident was $300,000.00.

## ANALYSIS

¶11.    On direct appeal Medlin contends that the trial court erred in granting summary judgment against her based upon the doctrine of accord and satisfaction. Various defendants cross-appeal, claiming the trial court should have granted summary judgment on additional grounds.

¶12.    In granting summary judgment to the defendants, the trial court held "that the plaintiff's claims are barred by the doctrine of satisfaction and accord (sic)." Medlin challenges this basis for summary judgment, claiming that "it was error to grant summary judgment based on the grounds of 'accord and satisfaction.'" Medlin correctly points out that

4

The four elements of a valid accord and satisfaction under Mississippi Law are:

(1)    Something of value offered in full satisfaction of a demand;

(2)    accompanied by acts and declarations as amount to a condition that if the thing offered is accepted, it is accepted in satisfaction;

(3)    the party offered the thing of value is bound to understand that if he takes it, he takes subject to such conditions; and

(4)    The party actually does accept the item.

*Royer Homes of Miss., Inc. v. Chandeleur Homes, Inc.,* 857 So.2d 748, 754 (Miss. 2003); *Wallace v. United Miss. Bank*, 726 So. 2d 578, 589 (Miss. 1998), citing *Alexander v. Tri-County Co-op*, 609 So. 2d 401, 404-05 (Miss. 1992). Medlin further claims that "[t]he doctrine of accord and satisfaction has absolutely no bearing on the case at bar." We agree. However, "substance is considered over form and label." *Arnona v. Smith*, 749 So. 2d 63, 66 (Miss. 1999). For example, in *Wilson v. Freeland*, 773 So. 2d 305, 306-07 (Miss. 2000), we looked to the substance of an "order" dismissing a case as stale, and found that it actually amounted to an appropriate order of dismissal under M.R.C.P. 41(d).

¶13.    In *Arnona*, we approved a trial court "reforming the legal claims to conform with the facts asserted" and stated that this "method of disposing of a complaint is not unusual." 749 So.2d at 66. We further stated that courts "must look to the content of the pleading to determine the nature of the action." *Id.* (Citations omitted). "Substance is considered over form." *Id.* (Citations omitted). "The label is not controlling." *Id.*

¶14.    In the case sub judice, the issue of full payment and satisfaction of Medlin's damages was clearly before the trial court. Specifically, defendants asserted:

5

Mississippi Courts have previously ruled that a plaintiff cannot recover the full amount determined by a jury to be owed him and subsequently sue another tortfeasor. *Medley v. Webb*, 288 So. 2d 846, 848 (Miss. 1974). Additionally, where a Plaintiff accepts the amount of a judgment, such payment amounts to full satisfaction and operates to discharge the other tortfeasors. *Turner v. Pickens*, 711 So. 2d 891, 893 (Miss. 1998) (citing Am. Jur. 2d Torts § 85 (1974)). Clearly, Ms. Medlin is barred from recovery as she has already recovered $300,000 for her damages.

¶15. During the hearing on the summary judgment motions, defense counsel raised *Medley* and Restatement (Second) of Torts § 457 and comments. In *Medley*, this Court held: "There can be but one satisfaction of the amount due the plaintiff for his damages." *Medley*, 288 So. 2d at 848. "If the plaintiff elects to sue one joint-tort-feasor for all the damages alleged to be due him, and the jury determines the amount of damages due to the plaintiff as a result of the accident, the amount due then becomes fixed." *Id.* at 849.

¶16. Restatement (Second) of Torts § 457 (1965) states:

If the negligent actor is liable for another's bodily injury, he is also subject to liability for any additional bodily harm resulting from normal efforts of third persons in rendering aid which the other's injury reasonably requires, irrespective of whether such acts are done in a proper or a negligent manner.

¶17. The pertinent comments to § 457 state:

a. *Additional harm from hospital or medical treatment.* The situation to which the rule stated in this Section is usually applicable is where the actor's negligence is the legal cause of bodily harm for which, even if nothing more were suffered, the other could recover damages. These injuries require the other to submit to medical, surgical, and hospital services. The services are so rendered as to increase the harm or even to cause harm which is entirely different from that which the other had previously sustained. In such a case, the damages assessable against the actor include not only the injury originally caused by the actor's negligence but also the harm resulting from the manner in which the medical, surgical, or hospital services are rendered, irrespective of whether they are rendered in a mistaken or negligent manner, so long as the mistake or negligence is of the sort which is recognized as one of the risks which is inherent in the human fallibility of those who render such services.

6

c. If the actor's negligence results in harm to another which requires him to submit to hospital treatment, the actor is responsible for injuries resulting from the improper manner in which any member of the staff does his part in the normal treatment of his injuries. He is therefore as fully responsible for the negligent manner in which the nurses or clerical staff perform their part as he is for the negligent manner in which a physician or surgeon treats the case or diagnoses the injuries or performs an operation.

¶18. The trial court judge stated:

Now, I don't see in reading briefs and things of that nature, when Restatement of Torts, Section 4 -- I believe it's 427 -- 457. When that's applied -- of course, let me point out, in reviewing all the Mississippi law, Restatement of Torts, Section 457 is never mentioned in Mississippi law. So there is not even -- first of all, there is no indication that has been accepted in the courts in the State of Mississippi, nor is there any indication that that will be accepted by the courts in the State of Mississippi. And that theory almost dictates that in a situation such as this, unless the physicians, doctors, nurses, hospitals, whoever is brought in the original cause of action, Section 457 almost dictates that that claim be barred thereafter.

¶19. Although this Court has never specifically applied the Restatement (Second) of Torts § 457, we have recognized that "[t]here can be but one satisfaction of the amount due the plaintiff for his damages." *Medley*, 288 So. 2d at 848.

¶20. There is a paucity of case law in Mississippi regarding full satisfaction when only one tortfeasor was sued. Therefore, a look at another jurisdiction is warranted.

¶21. The Court of Appeals of Maryland[1] squarely faced the issue in ***Underwood-Gary v. Mathews***, 785 A.2d 708 (Md. 2001), a case analogous to the case sub judice, and held "that a plaintiff is entitled to but one compensation for her loss and that satisfaction of her claim prevents further action against another for the same damages." ***Id***. at 712. The plaintiff had filed suit, for injuries sustained in an automobile

---

[1]The Court of Appeals is the highest court in the State of Maryland.

accident, against the driver of the vehicle that collided with her. The jury found the driver negligent and returned a verdict for the plaintiff. *Id.* at 711.[2]

¶22.    Approximately one week after the entry of the judgement, the plaintiff filed suit against two physicians alleging they were negligent in treatment for injuries stemming from the automobile accident. *Id.* In response, the physicians filed motions for summary judgment arguing the plaintiff is barred by the doctrines of judicial estoppel, collateral estoppel and satisfaction. *Id.*

¶23.    The court held that "while multiple tortfeasors may be jointly and severally liable for the same injury, when payment of a judgment in full is made by one tortfeasor, 'there is no doubt that the plaintiff is barred from a further action against another who is liable for the same damages. . . .'" *Id.* at 713 (citing Prosser and Keeton on Torts, § 48, at 331). "Thus, double recovery for the same harm is not permissible." *Id.* (citation omitted).

¶24.    The court concluded:

> [W]hile the amount of the auto negligence settlement may not have been 'satisfactory' to appellee, when the damage claim that she had been asserting was 'satisfied' as a matter of law, she was thereafter prohibited from recovering more funds for the same injuries.

*Id.* at 716  (citation omitted).

¶25.    In Medlin's first suit, a jury found the full extent of her damages to be $300,000.00, which is the same amount that was paid to her in settlement. Thus, Medlin's assertion that there are other defendants liable to her is irrelevant. The record is completely silent as to any damages suffered by Medlin which were not considered by the jury when it awarded $300,000.00.

---

[2]Plaintiff appealed and while the appeal was pending, the parties settled the case for the policy limits. *Underwood-Gary*, 785 A.2d at 711. Subsequently, an order of satisfaction was entered in the circuit court. *Id.*

¶26. During the hearing on the motion for summary judgment, the trial court stated:

> [I]n this particular situation where a jury has determined damages, and those damages have been paid in full, it appears that unless the theory of recovery is based on something other than injuries that she received in the first place, that [full] satisfaction would be in order. . . . But it appears to me that the equities in this particular situation and the law of the State of Mississippi dictates that when there's been a judgment, that the total amount of the damages has been assessed by a jury and that those damages have been paid and the plaintiff received recovery for those amount of damages, that should extinguish the claim. And I believe in this particular situation, I believe that summary judgment is proper on the [full satisfaction] theory.

¶27. The trial judge properly determined that the action against the defendants was for the same injuries and damages Medlin incurred and presented to the jury in the first suit. The trial judge further properly determined that Medlin's damages were assessed by the jury and that she was paid in full for those damages. Thus, a trial against additional defendants who may be liable for those damages would avail Medlin nothing.

¶28. Accordingly, we hold that the trial court properly granted summary judgment, and we affirm its judgment. Since our determination of this issue is dispositive of the case, the issues raised on cross-appeal are moot and need not be addressed.

¶29. **AFFIRMED.**

**SMITH, C.J., WALLER AND COBB, P.JJ., CARLSON, GRAVES AND RANDOLPH, JJ., CONCUR. EASLEY, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. DIAZ, J., NOT PARTICIPATING.**