ROBERTS, J.,
 

 for the Court:
 

 ¶ 1. A jury found that Jack Butler was liable for a total of $10,000 damages that Nancy Moyer sustained when Butler’s and Moyer’s cars collided. Moyer had previously settled with Butler for more than the value of the $10,000 judgment but less than the limits of Butler’s auto liability policy. However, Moyer had also filed a claim for uninsured-motorist benefits against her insurance provider, State Farm Mutual Automobile Insurance Company. Despite State Farm’s argument that it should not be held liable for the jury’s damages award because Butler did not qualify as an uninsured motorist, the Quitman County Circuit Court ordered State Farm to satisfy the $10,000 judgment arising from the jury’s verdict. Aggrieved, State Farm appeals. We find that the circuit court erred. Accordingly, we reverse the judgment of the circuit court and render judgment for State Farm.
 

 
 *990
 
 FACTS AND PROCEDURAL HISTORY
 

 ¶2. In 1994, Moyer and Butler were involved in a car wreck. Almost three years later, Moyer sued Butler for negligence. Both Moyer and Butler were insured by State Farm. Moyer also sued State Farm and claimed she was entitled to uninsured-motorist benefits. Butler’s liability policy’s limit applicable to the accident was $25,000. Moyer had five stacked uninsured/underinsured policies that provided for a total of $125,000 in uninsured-motorist benefits. State Farm argued that Moyer was only entitled to uninsured-motorist benefits if her damages exceeded the limits of Butler’s auto liability policy.
 

 ¶ 8. In 1999, Moyer settled with Butler for $12,000. That $12,000 was paid by State Farm as part of Butler’s auto liability policy. Butler’s policy had also previously paid $4,671.12 toward Moyer’s medical bills. Consequently, Moyer received $16,671.12 from Butler through State Farm.
 

 ¶ 4. In October 1999, State Farm and Moyer attempted to mediate Moyer’s remaining claim for uninsured-motorist benefits. State Farm’s position was that Moyer was not entitled to uninsured-motorist benefits because Moyer had settled for less than Butler’s policy limits; therefore, Butler was not an uninsured motorist. Moyer terminated the mediation after State Farm stated its position.
 

 ¶ 5. In January 2001, Moyer filed a supplemental complaint. According to Moyer’s supplemental complaint, State Farm was liable not .only for uninsured-motorist benefits, but also for acting in bad faith during the failed mediation. Moyer’s bad-faith claim was later dismissed after- State Farm successfully moved for partial summary judgment on the issue.
 

 ¶ 6. On June 1, 2009, Moyer and State Farm went to trial on Moyer’s remaining claim for uninsured-motorist benefits. The jury ultimately found that the underlying car wreck was due to Butler’s negligence. The jury also awarded Moyer $10,000 as her total damages arising from the accident. However, Moyer had settled with Butler approximately ten years earlier. Moyer sought to have State Farm satisfy the jury’s award of damages. The circuit court agreed that State Farm was responsible for satisfying Moyer’s judgment.
 

 ¶ 7. State Farm filed a motion to alter or amend the judgment or, alternatively, for satisfaction of judgment. During a hearing on State Farm’s motion, State Farm argued that it was entitled to a setoff as a matter of law and as a matter of equity. State Farm also argued that Moyer had agreed to setoff her damages when she and Butler settled. Moyer argued that State Farm was barred from arguing that it was entitled to a contractual setoff of damages because State Farm had failed to enter Moyer’s policy into evidence during the trial. Ultimately, the circuit court agreed that State Farm was not entitled to a setoff and denied State Farm’s motion. Aggrieved, State Farm appeals.
 

 STANDARD OF REVIEW
 

 ¶8. In its post-trial motion, State Farm requested relief under Rule 59 or Rule 60(b)(5) of the Mississippi Rules of Civil Procedure. A trial court’s decision to grant or deny a motion filed under Rule 59 is a matter left to the trial court’s discretion. Jou
 
 rneay v. Berry,
 
 953 So.2d 1145, 1160 (1151) (Miss.Ct.App.2007). We will reverse the trial court if it abused its discretion or if its decision would result in a miscarriage of justice if it were allowed to stand.
 
 Id.
 
 We also review a trial court’s decision to deny a Rule 60 motion under the abuse-of-discretion standard of review.
 
 *991
 

 Harvey v. Stone County Sch. Dist.,
 
 982 So.2d 463, 468 (¶ 8) (Miss.Ct.App.2008).
 

 ANALYSIS
 

 ¶ 9. State Farm argues that the circuit court erred by holding that State Farm must satisfy Moyer’s $10,000 judgment against Butler. Moyer vigorously argues that State Farm is barred from arguing that it is entitled to a setoff. Moyer takes the position that because State Farm never entered Moyer’s policy into evidence, State Farm is not entitled to a setoff. Nevertheless, after careful consideration, we find that this appeal does not turn on the setoff provisions of Moyer’s insurance policy. Instead, this appeal turns on Butler’s settlement, whether he qualified as an uninsured motorist, and the precise language of the jury’s verdict.
 

 ¶ 10. As mentioned, by way of its “motion to alter or amend the judgment, or in the alternative, for satisfaction of judgment,” State Farm requested relief under either Rule 59 or Rule 60(b)(5). Rule 60(b)(5) sets forth that: “On motion and upon such terms as are just, the court may relieve a party ... from a final judgment ... for the following reasons: (5) the judgment has been satisfied, released, or discharged, or ... it is no longer equitable that the judgment should have prospective application.... ” The jury found that Butler — not State Farm — was negligent and liable for Moyer’s damages. By proper jury instruction, the jury was instructed to quantify all of Moyer’s damages arising from the auto accident that occurred in 1994. The jury found that Moyer had sustained a total of $10,000 in damages as a result of Butler’s negligence. However, through his State Farm auto liability policy, Butler had previously paid Moyer more than $16,000 in damages. Moyer did not present any evidence that Butler had exhausted the policy limits of his insurance. Moreover, Moyer did not present any evidence that Butler qualified as an underin-sured motorist or an uninsured motorist under Moyer’s policy.
 
 [1]
 
 Under the precise circumstances of this case, as Moyer’s uninsured-motorist-insurance provider, State Farm could only be responsible for the damages attributed to Butler if Butler qualified as an uninsured motorist. Consequently, State Farm is not obligated to satisfy the jury’s award of damages for negligence attributed to Butler that had already been satisfied by Butler. Succinctly put, Butler had already paid more than the amount of damages that the jury awarded, and there was no evidence that Butler had exhausted the limits of his insurance. “[A] plaintiff is only entitled to one satisfaction.”
 
 Turner v. Pickens,
 
 711 So.2d 891, 893 (¶ 7) (Miss.1998) (citing
 
 Medley v. Webb,
 
 288 So.2d 846, 848 (Miss.1974)). “He cannot recover the full amount due to him and still sue another joint tortfeasor because he thinks the damages awarded to him were inadequate.”
 
 Id.
 
 Accordingly, the circuit court erred when it denied State Farm’s motion for satisfaction of judgment. We, therefore, reverse the judgment of the circuit court and render judgment that the jury’s verdict and award of damages against Butler has been satisfied.
 

 
 *992
 
 ¶11. THE JUDGMENT OF THE QUITMAN COUNTY CIRCUIT COURT IS REVERSED AND RENDERED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, BARNES, ISHEE, CARLTON AND MAXWELL, JJ., CONCUR.' GRIFFIS, J., NOT PARTICIPATING.
 

 [1]
 

 . We note that the circuit court had previously granted Moyer’s motion for partial summary judgment, finding that there was no genuine issue of material fact that Butler’s vehicle was an uninsured/underinsured motor vehicle as defined by Mississippi Code Annotated section 83-11-103(c)(iii) (Rev. 1999) because the limit of Butler’s bodily injury coverage was $25,000, and the limit of Moyer's stacked uninsured motorist coverage was $125,000. Nevertheless, the jury’s verdict was for less than the limits of Butler’s bodily injury coverage. It was also for less than the amount for which Moyer had previously settled with Butler.